UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
DAVID HESTER, an individual,                         :
                                                     :
                Plaintiff,               :   No. 11-cv-8163 (KBF)
                                                     :
    vs.                                              :
                                                     :
TREMAINE NEVERSON, an individual, TREY               :
SONGZ PRODUCTIONS, L.L.C.,                           :
                                                     :
                Defendants.              :
                                                     :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

### ANSWER OF DEFENDANTS TREMAINE NEVERSON AND TREY SONGZ PRODUCTIONS, LLC AND COUNTERCLAIM OF DEFENDANT TREY SONGZ PRODUCTIONS, LLC

Defendants Tremaine Neverson ("Neverson") and Trey Songz Productions, L.L.C. ("Songz LLC") (collectively, "Defendants"), by and through their attorneys, Shapiro, Arato & Isserles LLP, as and for their answer to the First Amended Complaint for Declaratory Judgment ("FAC"), respond as follows:

1.    Defendants aver that the allegations in paragraph 1 of the FAC are legal conclusions to which no response is required.

2.    Defendants deny the allegations of paragraph 2 of the FAC and otherwise aver that paragraph 2 contains legal conclusions to which no response is required, except that Defendants admit that they have advertised, distributed, and sold clothing bearing their mark YUUUP! within the United States and elsewhere and that Plaintiff seeks the relief requested in paragraph 2 of the FAC.

3. Defendants aver that paragraph 3 contains legal conclusions to which no response is required, except that Defendants admit that that they have, through their counsel, stated that unauthorized use of "YUUUP!" creates consumer confusion.

4. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 4 of the FAC.

5. Defendants deny the allegations of paragraph 5 of the FAC, except that Defendants admit that Neverson is also known as Trey Songz.

6. Defendants aver that the allegation in paragraph 6 of the FAC concerning Songz LLC's citizenship is a legal conclusion to which no response is required and deny the remaining allegations in paragraph 6 of the FAC, except that Defendants admit that Songz LLC is a limited liability company and that Neverson is a managing member of Songz LLC.

7. Defendants aver that no response is required to the allegations in paragraph 7 of the FAC, which constitute Plaintiff's legal conclusions.

8. Defendants aver that no response is required to the allegations in paragraph 8 of the FAC, which constitute Plaintiff's legal conclusions.

9. Defendants deny the allegation in paragraph 9 of the FAC insofar as it concerns Neverson's residence and aver that no response is required to the remainder of paragraph 9 of the FAC, which constitutes Plaintiff's legal conclusions. Neverson is not contesting personal jurisdiction.

10. Defendants deny the allegations in paragraph 10 of the FAC insofar as it concerns Neverson's residence and aver that no response is required to the remainder of

paragraph 10 of the FAC, which constitutes Plaintiff's legal conclusions.  Songz LLC is not contesting personal jurisdiction.

11. Defendants deny that the allegation in paragraph 11 of the FAC insofar as it concerns Neverson's residence and aver that no response is required to the remainder of paragraph 11 of the FAC, which constitutes Plaintiff's legal conclusions.  Defendants are not contesting venue.

12. Defendants deny that the allegation in paragraph 12 of the FAC insofar as it concerns Neverson's residence and aver that no response is required to the remainder of paragraph 12 of the FAC, which constitutes Plaintiff's legal conclusions.  Defendants are not contesting venue.

13. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 13 of the FAC, except that Defendants admit that United States Patent and Trademark Office records indicate the following: (i) that Reg. No. 4,070,391 is for the mark YUUUP!, (ii) that it identifies the goods as clothing, "namely, beanies, hats, caps, tops and bottoms" in class 25, and (iii) that it is owned by Hester.

14. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the FAC.

15. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 15 of the FAC.

16. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 16 of the FAC.

17.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17 of the FAC.

18.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 18 of the FAC.

19.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 19 of the FAC.

20.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20 of the FAC.

21.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 21 of the FAC.

22.     Defendants admit the allegations in paragraph 22 of the FAC.

23.     Defendants admit the allegations in paragraph 23 of the FAC, except that Defendants admit that Neverson won the BET Award for Best Male R&B Artist in 2010, not 2009 as alleged in paragraph 23 of the FAC.

24.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24 of the FAC, except that with respect to Plaintiff's reference to a "signature sound," consumers separately recognize the YUUUP! mark as identifying Defendants' goods and services..

25.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 25 of the FAC.

26.     Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the FAC.

27. Defendants deny the allegations of paragraph 27 of the FAC insofar as they concern Defendants and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the FAC.

28. Defendants deny the allegations of paragraph 28 of the FAC insofar as they concern Defendants and otherwise deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 28 of the FAC, except that Defendants admit that, in addition to their use of the YUUUP! mark in connection with merchandise and promotional materials, Defendants use the mark YUUUP! in connection with live and recorded performances and other uses; and that, with respect to Plaintiff's reference to a "signature sound," consumers separately recognize the YUUUP! mark as identifying Defendants' goods and services.

29. Defendants deny the allegations of paragraph 29 of the FAC, except that Defendants admit that they sell t-shirts, including those featuring their YUUUP! mark.

30. Defendants deny the allegations of paragraph 30 of the FAC.

31. Defendants aver that the allegations of paragraph 31 of the FAC are legal conclusions to which no response is required.  To the extent a response is required, Defendants deny the allegations of paragraph 31 of the FAC.

32. Defendants aver that no response is required to the allegations in paragraph 32 of the FAC, which constitute Plaintiff's legal conclusions.  To the extent a response is required, Defendants deny the allegations of paragraph 32 of the FAC.

33. Defendants aver that no response is required to the allegations in paragraph 33 of the FAC, which constitute Plaintiff's legal conclusions.  To the extent a response is required, Defendants deny the allegations of paragraph 33 of the FAC.

34. Defendants admit that their counsel sent a letter to Plaintiff and A&E Television Network on September 2, 2011 (the "September 2 letter") and respectfully refer the Court to that document for its contents.

35. Defendants respectfully refer the Court to the September 2 letter for its contents.

36. Defendants respectfully refer the Court to the September 2 letter for its contents.

37. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the FAC that concern Plaintiff's reaction to the September 2 letter and respectfully refer the Court to the September 2 letter for its contents.

38. Defendants admit the allegations of paragraph 38 of the FAC, except that with respect to the contents of the September 2 letter, Defendants respectfully refer the Court to the September 2 letter for its contents.

39. Defendants aver that the allegations in paragraph 39 of the FAC are legal conclusions to which no response is required.

40. Defendants aver that the allegations in paragraph 40 of the FAC are legal conclusions to which no response is required.

41. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 41 of the FAC.

42. Defendants deny knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42 of the FAC and aver that, to the extent that the allegations of paragraph 42 of the FAC are legal conclusions, no response is required.

43. Defendants incorporate each and every allegation as set forth in the above paragraphs of this Answer as if fully set forth herein.

44. Defendants aver that the allegations in paragraph 44 of the FAC are legal conclusions to which no response is required.

45. Defendants aver that the allegations in paragraph 45 of the FAC are legal conclusions to which no response is required.

### FIRST AFFIRMATIVE DEFENSE

1. Plaintiff's claim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

2. Plaintiff's claim is barred in whole or in part by the doctrine of laches.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claim is barred in whole or in part by the doctrine of estoppel.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claim is barred in whole or in part by the doctrine of waiver.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff's claim is barred in whole or in part by the doctrine of unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff's claim is barred in whole or in part by the statute of limitations.

WHEREFORE, having fully answered Plaintiff's Complaint, Defendants demand:

1. Judgment dismissing the Complaint;

2. Recovery of their costs and disbursements incurred in defending this action, including reasonable attorney's fees; and

3. Such other relief as the Court deems just and proper.

## COUNTERCLAIM OF TREY SONGZ PRODUCTIONS, LLC

Counterclaim Plaintiff Trey Songz Productions LLC ("Songz LLC"), by its attorneys Shapiro, Arato & Isserles LLP, and for its Counterclaim against David Hester ("Hester"), alleges:

### THE PARTIES

1. Songz LLC is a limited liability company organized and existing under the laws of the State of Delaware. Defendant Tremaine Neverson ("Neverson") is the managing member of Songz LLC. Songz LLC owns the intellectual property rights and the rights to Neverson's entertinament services at issue here.

2. Upon information and belief, Counterclaim-Defendant Hester is a resident and citizen of the State of California.

### JURISDICTION

3. This Court has jurisdiction over the Counterclaims under 28 U.S.C. §§ 1331, 1338 and 15 U.S.C. § 1119.

4. Hester, having initiated this suit against Songz LLC, has submitted himself to the jurisdiction of this Court.

### GENERGAL ALLEGATIONS

5. Neverson, better known by his stage name Trey Songz, is a chart-topping, award-winning R&B performer, songwriter, and actor.

6. Neverson has released four studio albums, *I Gotta Make It* (2005), *Trey Day* (2007), *Ready* (2009), and *Passion, Pain & Pleasure* (2010). Millions of copies of these albums and their individualized tracks have been sold, with *Ready* and *Passion,*

8

*Pain & Pleasure* attaining gold certification from the Recording Industry Association of America.  A fifth album, *Chapter V*, is slated for release later this year.

7. Neverson's singles can routinely be found on Billboard's Hot 100 and Hot R&B/Hip-Hop Songs charts.  For example, his single "Sex Ain't Better Than Love" is currently number 7 on the Hot R&B/Hip-Hop Songs chart in its fourteenth week on the list.  His most recent single, "Heart Attack," released on March 26, 2012, debuted at number 58 on the Hot R&B/Hip-Hop Songs chart.  His single "Bottoms Up" reached number 6 in the Billboard Hot 100 chart and number 2 in the Hot R&B/Hip-Hop Songs chart.

8. Neverson recently concluded his *Anticipation 2our*, in which he performed in 21 cities across North America in February and March 2012.

9. Neverson was named Best Male R&B Artist at the 2010 BET Awards.  He has received numerous other award nominations, including Grammy nominations for Best Male R&B Vocal Performance in 2008 and Best Contemporary R&B Album in 2010.

10. Neverson is known for verbalizing the word yup in connection with live and recorded music performances.  Neverson's verbalization of the word is well known to consumers.  At his concerts, Neverson and his audiences have engaged in a call-and-response of verbalizations of the word.

11. Counterclaim Plaintiff Songz LLC began in July 2009 using the mark YUUUP! in connection with the sale of merchandise, namely clothing.

12. Songz LLC's YUUUP! mark is written in a sans serif font with all capital letters.

13. Songz LLC's YUUUP! mark is fanciful and arbitrary as used in connection with clothing and is inherently distinctive.

14. Songz LLC has continuously used the mark YUUUP! since at least July 2009 in connection with the sale of clothing.

15. Songz LLC's YUUUP! products are offered throughout the United States and the world through the internet on the website, www.treysongz.com.

16. Through advertising, promotion, and use of the YUUUP! mark in connection with clothing, Songz LLC has acquired trademark rights and goodwill in the clothing market.

17. Songz LLC has separately and continuously used the mark YUUUP! since at least July of 2009 in connection with entertainment services in the nature of live, televised, movie, and radio appearances and performances, and the promotion of the same.

18. Through advertising, promotion, and use of the YUUUP! mark in connection with entertainment services, Songz LLC has acquired trademark rights and goodwill in the entertainment services market.

19. As the owner of the YUUUP! mark and its associated goodwill and reputation, Songz LLC has the exclusive right to use the YUUUP! mark in connection with the sale of clothing and separately in connection with entertainment services in the nature of live, televised, movie, and radio appearances and performances, and to prevent use by others that is likely to lead to costumer confusion with Songz LLC's goods or services.

## HESTER'S GOODS

20. On information and belief, Hester claims to be the owner of the Registered Mark No. 4,070,391, which is for a standard character mark YUUUP! used in connection with the sale of clothing, namely beanies, hats, caps, tops and bottoms.

21. On information and belief, Hester filed an intent-to-use application for his purported mark on May 4, 2011, nearly a full two years after Songz LLC's first use of the YUUUP! mark in connection with clothing.

22. On information and belief, Hester uses his purported mark in connection with the sale of apparel, which is sold through the internet on the site www.yuuuup.com.

23. On information and belief, Hester's purported mark, as used, is styled identically or virtually identically to Songz LLC's mark, displaying the mark YUUUP! in a sans serif font in all capital letters.

24. Songz LLC and Neverson have not licensed or otherwise authorized Hester's use of Songz LLC's YUUUP! mark.

## COUNTERCLAIM COUNT I
### Cancellation of Hester's Registration Based on Songz LLC's Prior Use
### (15 U.S.C. § 1052(d))

25. Songz LLC realleges and incorporates paragraphs 1 through 24 above as if fully set forth in this paragraph.

26. Songz LLC has used the YUUUP! mark in connection with the sale of clothing since at least as early as July 2009, thereby obtaining proprietary rights in the YUUUP! mark as of that date.

27.     Hester did not file his intent-to-use application under May 4, 2011, 22 months after Songz LLC commenced actual use of the YUUUP! mark.  Songz LLC is therefore the senior user of the YUUUP! mark in connection with clothing.

28.     The goods listed in Hester's registration – "Clothing, namely beanies, hats, caps, tops and bottoms" – substantially overlap with the goods provided by Songz LLC in connection with the YUUUP! mark.

29.     The mark in Hester's registration and as used by him so resembles Songz LLC's mark as to be likely to cause confusion and mistake and to deceive consumers as to the source or origin of Hester's goods such that consumers may believe that Hester's YUUUP!-branded merchandise is sponsored by, endorsed by, approved by, licensed by, authorized by, or affiliated or connected with Songz LLC or Neverson.

30.     Based on Songz LLC's prior rights in the YUUUP! mark for use in connection with the sale of clothing, Hester is not entitled to federal registration of the YUUUP! mark pursuant to 15 U.S.C. § 1052(d).  As a result, his registered mark is invalid and void ab initio, and it should therefore be cancelled.

**WHEREFORE**, Counterclaim Plaintiff Songz LLC prays for judgment:

1. Enjoining Hester from using the YUUUP! mark in connection with the sale of clothing;

2. Cancelling Hester's Registration No. 4,070,391;

3. Awarding Songz LLC its costs and expenses in connection with the Counterclaim;

4. Granting Songz LLC any further relief that this Court deems appropriate.


Dated: New York, New York
       April 2, 2012

SHAPIRO, ARATO & ISSERLES LLP

By:   /s/ Cynthia S. Arato
      Cynthia S. Arato

Cynthia S. Arato
Jeremy Licht
SHAPIRO, ARATO & ISSERLES LLP
The Grace Building
1114 Avenue of the Americas, 45th Floor
New York, NY  10036
Telephone:  (212) 479-6724
Facsimile: (212) 202-6417
carato@shapiroarato.com
jlicht@shapiroarato.com

*Attorneys for Tremaine Neverson and Trey Songz Productions, L.L.C.*